SCANNED at WVCF and Emailed on
1-6-22 by SB - 27 pages.
(date) (initials) (num)

FILED
01/06/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE
United States District Court
Southern District of Indiana
Terre Haute Division

Michael Hickingbottom,
Pro se, Plaintiff

v.      No. _____

Officer Gilstrap,
Property Officer

et al., Defendants

## Prisoner's Complaint

| Defendants Name and Job Title | Work Address |
|---|---|
| 1. Officer Gilstrap, Property Officer | W.V.C.F., P.O. Box 1111, Carlisle, IN 47838 |
| 2. Lt. Mr. Holcomb, Lieutenant | W.V.C.F., P.O. Box 1111, Carlisle, IN 47838 |
| 3. Bruce Lemmon, Commissioner of (I.D.O.C) | 304 W. Washington St, Indianapolis, IN 46204 |
| 4. Unknown Business Administrative | W.V.C.F., P.O. Box 1111, Carlisle, IN 47838 |
| 5. T. Wellington, Grievance Specialist | W.V.C.F., P.O. Box 1111, Carlisle, IN 47838 |
| 6. T. Templeton, Grievance Executive | W.V.C.F., P.O. Box 1111, Carlisle, IN 47838 |

1. Im Suing 6 People
2. Im housed at: Wabash Valley Corr. Facility, P.O. Box 1111, Carlisle, IN 47838

1.

3. The event that I am suing about happened at Wabash Valley Corr. Facility.

4. The Incident occurred on 9/14/21 up to 12/8/21.

## Claims and Facts

1. On 9/14/21 the Wabash Valley Corr. Facility went on a major lockdown leaving Hickingbottom without any legal material to Petition the Court. [see page 11].

2. At that time Hickingbottom was on a (90) day deadline to file his Writ of Certorari which would expire on 10/17/21. [see page 23]

3. On 9/15/21 case worker VanSchoyck responded to Hickingbottom's request of 9/14/21 stating that she did not have his Property and that he had to contact Custody.

4. On 9/16/21 Hickingbottom timely filed a Grievance requesting that his legal material be returned and that the video recordings-

of the 9/14/21 shake down be preserved. [see page 13].

5. Again on 10/7/21 Hickingbottom wrote the business off and requested them to remove $250.00 from his re-entry account to pay the filing fee so that he could pay the filing fee for his Writ of Certorari, and on the same letter Business Office responded stating that Hickingbottom could not use his own money to pay his filing fee which prevented Hickingbottom from timely paying his filing fee in violation of Supreme Court Rule 38 - 39. [see page 16].

6. Still trying to preserved his First Amendment Right to Appeal the decision of (7/19/21) from the Indiana Supreme Court, Hickingbottom timely wrote a letter to the Clerk of the United States Supreme Court requesting a (30) day extention, because he was not in possession of his legal material and couldn't file his Writ.

7. On 11/5/21 Scott S. Harris, being the Clerk of The Unitedstates Supreme Court

3.

Clerk wrote Hickingbottom back stating that he had to attach a copy of the lower Court opinion to his motion so that she would be able to determine the timeliness of his application for an extention of time. [attach at page 18 of this motion].

8. On 10/15/21 Grievance Executive T. Templeton responded to Hickingbottoms Grievance of [9/16/21] and enstead of ordering Gilstrap and Lt. Holcomb to provide Hickingbottom with his legal material Grievance Executive MS. T. Templeton went to expressing how good of an officer Gilstrap & Lt. Holcomb were and that they will provide me with my legal material when they get a chance. [see pages 14-15 offender Grievance Response].

9. Again on 10/21/21 and 10/28/21 Hickingbottom disagreed with the Executive resolution and filed a Grievance Appeal, because still he had not been provided his legal material. [see page 15, of this motion].

4.

10. Hickingbottom wrote several request to property officer Gilstrap and spoke to him over eight times requesting his legal material but was ignored.

11. On or about 10/20/21 Hickingbottom wrote the Gary lower Court requesting a copy of the decision of 4-15-20, and on 11/20/21 received such copy.

12. Again on 11/10/21 Hickingbottom wrote a request to Property Officer Gilstrap & mailed it to the Wardens Office requesting his legal material and explaning to him that he is on a deadline in Washington, D.C., [see page 17, of this motion].

13. On [11/28/21] after making threats to Property officer Gilstrap, Gilstrap provided Hickingbottom with his legal material, but on 12/8/21 the clerk of The U.S. supreme Court refuse to except Hickingbottom's Writ as timely. [see page 23, of this motion].

5.

14. Hickingbottom also has a major Hernia Problem and personally requested Officer's Gilstrap & Lt. Holcomb to please send him his hernia belt from his property along with his pain medication but such request has been ignored, and Hickingbottom's Hernia has got worse causing him 4½ months of unneccessary pain.

15. On 12/15/21 doctor Samuel Byrd, through an order made by way of E-mail requested Lt. Holcome to get Hickingbottom's Hernia Belt and pain Medication from his property but such has not been done and it's 1/4/22 being a new-year.

17. Property Officer Mr. Gilstrap acting under the Color of state law is being sued in his Individual Capasity for Knowingly and Intentionally refusing to provide Hickingbottom timely with his legal material causing an unreasonable delay which deprived Hickingbottom of his 1st Amendment Right to Access to the Court guaranteed through the United States Constitution, His 14TH Amendment Due Process Right to

6.

equal treatment and fundamental fairness, and such denial constituted cruel & unusual punishment in violation of Amendment 8th (Eight) of the United States Constitution.

18. Officer Gilstrap, Lt. Holcomb, and Grievance Executive T. Templeton each acting under the Color of State law are being sued in their individual capasity for failing to: (1) order Gilstrap & Holcomb to provide Hickingbottom with his legal material timely, his hernia belt and pain medication. MS. Templeton has the authority to order Gilstrap & Holcomb to provide Hickingbottom with his legal material, ~~and~~ Hernia Belt, and pain medication timely because without the Hernia Belt Hickingbottom's hernia has gotten worse and has been causing pain subjecting Hickingbottom to cruel and unusual punishment in violation of Amendment Eight of the United States Constitution.

19. Hickingbottom is also suing Grievance Executive T. Wellington in his

7.

Individual Capacity whom also was acting under the Color of State Law for not allowing Him to use his own money from his re-entry to pay the $250.00 filing fee, and to exhaust his remedies. Such failure also prevented Hickingbottom from timely paying his filing fee and has deprived Hickingbottom of his First-Amendment Right to Access to the Court and Fourteenth Amendment Right to equal treatment and fundamental fairness. [see pages 24 to 27].

20. Commissioner Bruce Lemmon of the Indiana Department of Correctional Facility acting under the Color of State Law is being sued in his Official Capacity because Policy 04-01-104 (IV) is federally Unconstitutional because it prohibits prisoners (Hickingbottom) from using his Re-entry money to pay his filing fee. Such Policy subjects Hickingbottom to Cruel and unusual punishment and an equal treatment violation in violation of Amendments Eight and Fourteen of the United States Constitution. Also the unknown Business Administrative of the Wabash Valley

Correctional Facility is being sued in the same manner as Commissioner Bruce Lemmon because he/she refused to allow Hickingbottom to pay the $250.00 filing fee causing or attributing to the delay. Therefore, a Monell violation has occurred due to such unconstitutional policy which is wide-spread.

21. All acts of the defendants constitutes deliberate indifference, and has subjected Hickingbottom to physical pain, and deprived him of his due process rights to Access to the Court to challenge the Judgement of the State Courts which would have been granted in favor of Hickingbottom because such Judgement was contrary to the decision held in Ball v. City of Muncie, 28 F. Supp. 3d 797 (2014) Pennsylvania v. Finley, 481 U.S. 551 (1987), Evitts v. Lucey, 469 U.S. 387 (1985) and decision of other Circuit Courts being U.S. v. Rodriguez 675 F.3d 48 (1st Cir. 2012) and U.S. v. Toms, 136 F.3d 176 (D.C. Cir. 1998).

9.

Pro Se 14 (INND Rev. 2/20)                                                                                      page

5. When did this event happen?
   ○ Before I was confined.
   ○ While I was confined awaiting trial.
   ☒ After I was convicted while confined serving the sentence.
   ○ Other: _____

6. Have you ever sued anyone for this exact same event?
   ☒ No.
   ○ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

7. Could you have used a prison grievance system to complain about this event?
   ○ No, this event is not grievable at this prison or jail.
   ☒ Yes, I filed a grievance and attached is a copy of the response from the final step.
   ○ Yes, this event was grievable, but I did not file a grievance because the Grievance Executive would not allow me to exhaust part of my claim because it was a classification issue.

8. If you win this case, what do you want the court to order the defendant(s) to do?
   [NOTE: A case filed on this form will not overturn your conviction or change your release date.]
   I would like my rights to appeal to the United States Supreme Court restored. I want my filing fee returned, and money damages in the amount of 5.5 million if my rights are not restored. I also want a Jury Trial.

[Initial Each Statement]
   X   I will pre-pay the filing fee OR file a prisoner motion to proceed in forma pauperis.
   X   I will keep a copy of this complaint for my records.
   X   I will promptly notify the court of any change of address.
   X   I WILL NOT send more than one copy of any filing to the court.
   X   I WILL NOT send summons, USM-285, or waiver forms to the clerk.
   X   I declare under penalty of perjury that the statements in this complaint are true.

   I placed this complaint in the prison mail system on 1 / 5 /20 22 at 10:00 am/pm.
   [Do not fill in this date and time until you give the complaint to prison officials to send to the court.]

_Michael Dick Patton_                                          _147899_
Signature                                                       Prisoner Number

[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]

10.                                                                                     BK2